IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTHONY PIESCO, individually and for others similarly situated, | * * * |
| Plaintiff, | * Civil Action No.: * |
| vs. | * * |
| B & J Construction of NC, LLC | * * |
| Defendant. | * * * |

**FLSA COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Anthony Piesco, brings this action against his former employer, B & J Construction of NC, LLC, and alleges as follows:

I.

**INTRODUCTION**

Plaintiff, Anthony Piesco, brings this lawsuit against Defendant, B & J Construction of NC, LLC (hereinafter "B & J") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*, and the North Carolina Wage and Hour Act ('NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* for unpaid overtime, liquidated damages, attorneys' fees and costs. Plaintiff and the Collective and Class Members, as defined below, worked for Defendant as laborers who were paid by the hour but were denied overtime pay. This claim is brought as a collective action under 29 U.S.C. §216(b) on behalf of all hourly workers employed by Defendant within the last three (3) years and as a class action under Fed. R. Civ. P. 23 on behalf of all hourly workers employed by Defendant within the last two (2) years.

## II.

## JURISDICTION AND VENUE

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §1331. This Court has personal jurisdiction over Defendant as both conduct substantial business within the State of North Carolina.

2. Plaintiff also brings claims for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* to recover unpaid overtime under §95-25.4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the pendant state law claims because they arise out of the same nucleus of operative facts as the FLSA claims.

3. Venue is proper in this District and Division under 28 U.S.C. §1391, as the acts giving rise to the claims asserted herein occurred within this Court's jurisdiction.

## III.

## PARTIES

4. Plaintiff, Anthony Piesco is a major individual, domiciled and residing in Brunswick County, State of North Carolina.

5. Plaintiff has consented to filing the instant action. (Exhibit "A").

6. Defendant B & J is a domestic limited liability company with its principal place of business located at 998 Cypress Lake Cir. SE, Bolivia, North Carolina, and may be served through its agent, Joel Klass, at the same address.

## IV.

## COVERAGE UNDER THE FLSA AND NCWHA

7. Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. Defendant, Plaintiff and the Collective and Class Members (as defined below) used cell phones, computers, materials, supplies and equipment that was manufactured in or purchased and shipped from states other than North Carolina, accepted checks and electronic payments through interstate banks, all of which constitute interstate commerce.

11. Defendant was and is an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

12. At all times hereinafter mentioned, Plaintiff and NCWHA Class Members are/were employees withing the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §95-25.2(5).

V.

**FACTS**

3

13. Defendant is a construction company that builds structures including, but not limited to docks and piers.

14. Defendant employed workers such as Plaintiff and the Collective and Class Members as laborers to perform its construction work.

15. Plaintiff was employed by Defendant intermittently between 2019 and 2022.

16. Defendant paid its laborers an hourly rate. Plaintiff's hourly rate was $18.00 per hour.

17. Plaintiff and the Collective and Class Members performed no duties that qualified for any exemption from the overtime requirements of the FLSA or the NCWHA.

18. Plaintiff and the Collective and Class Members worked well over forty (40) hours per week and received no overtime pay.

19. Typically, Plaintiff and the Collective and Class Members work(ed) over fifty (50) hours per week without overtime compensation.

20. Plaintiff's work schedule and pay structure was typical of the Collective and Class Members.

21. Despite the fact that Plaintiff and Collective and Class Members worked more than forty (40) hours per week, Defendant failed to pay them overtime compensation at a rate of time and a half their regular hourly rate of pay for hours worked over forty (40) in a workweek.

22. Defendant has employed and is employing other individuals as laborers who perform(ed) the same or similar job duties under the same payment scheme as Plaintiff and the Collective and Class Members.

23. At all times relevant to this case, Defendant had knowledge of Plaintiff's and the Collective and Class Members' regular and overtime work. Defendant scheduled and assigned work and set deadlines for work to be completed and tracked their work hours.

VI.

**COLLECTIVE ALLEGATIONS**

24. Plaintiff and the Collective Members performed the same or similar job duties as one another in that they were employed as laborers by Defendant.

25. All of Defendant's laborers are and were paid an hourly rate. None are or were paid overtime.

26. Plaintiff and the Collective Members were subjected to the same pay practice by being paid an hourly rate and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Thus, the Collective Members are owed overtime wages for the same reasons as Plaintiff.

27. Defendant's failure to compensate Plaintiff and Collective Members for all hours worked in excess of forty (40) hours in a workweek, as required by the FLSA, results from a uniform common policy or practice.

28. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, Defendant's policy or practice of denying Plaintiff overtime, in violation of the FLSA, resulted in the non-payment of overtime to all Collective Members.

29. Accordingly, the FLSA Collective is defined as:

> All hourly workers who worked for B & J Construction of NC, LLC within the last three (3) years to the present and who were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

## VII.

## VIOLATION OF THE FLSA FOR FAILURE TO PAY
## OVERTIME COMPENSATION AND KEEP ACCURATE RECORDS

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

31. Plaintiff and the Collective Members are/were entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

32. During his employment with Defendant, Plaintiff and the Collective Members regularly worked more than forty (40) hours in a workweek and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Collective Members.

34. Defendant did not act in good faith or in reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

35. During the relevant period of within the last three (3) years to the present, Defendant violated §7(a)(1) and §15(a)(2) of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

36. Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and the Collective Members. As a result of Defendant's willful violation of the FLSA, Plaintiff and the Collective Members are entitled to liquidated damages.

37. Defendant failed to keep records of Plaintiff and the Collective Members hours worked in violation of 29 C.F.R. §516.1.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and the Collective Members have suffered damages plus reasonable attorneys' fees and costs.

VIII.

**VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT
FOR FAILURE TO PAY OVERTIME WAGES (NCWHA CLASS)**

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant failed to pay earned wages in violation of N.C. Gen. Stat. Ann. § 95-25.6.

41. Specifically, Defendant failed to pay Plaintiff and the NCWHA Class Members overtime wages for all hours worked over forty (40) in a workweek.

42. In the event the FLSA does not apply, and/or as an alternative thereto, Plaintiff, individually and on behalf of the NCWHA Class Members, seeks payment of overtime wages.

43. The NCWHA requires employers to pay non-exempt employees one and a half times the regular rate of pay for all hours worked over forty (40) hours in a workweek. N.C. Gen.Stat. Ann. § 95-25.4.

44. Defendant suffered and permitted Plaintiff and the NCWHA Class Members to

7

routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the NCWHA, N.C. Gen. Stat. Ann. § 95-25, *et seq.*, and its implementing regulations.

45. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals proper overtime compensation in violation of the NCWHA.

46. Defendant's failure to comply with the NCWHA caused Plaintiff and the NCWHA Class Members to suffer loss of wages and interest thereon.

47. Plaintiff and the NCWHA Class Members are entitled to all unpaid overtime wages in the event the FLSA does not apply, liquidated damages, interest, and attorneys' fees and costs under the NCWHA.

IX.

### NCWHA CLASS ACTION ALLEGATIONS

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff files this action on behalf of himself and the NCWHA Class defined as:

> All hourly workers who worked for B & J Construction of NC, LLC within the last two (2) years to present and who were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

50. Defendant's practice and policy of not paying overtime affects Plaintiff and the NCWHA Class Members and is a willful violation of the NCWHA.

51. NCWHA Class Members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

52. Defendant's failure to pay overtime as required by the NCWHA results from a

8

generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the NCWHA Class Members are similarly situated employees.

53. The specific job titles or precise job requirements of the NCWHA Class Members do not prevent class treatment under the NCWHA. All similarly situated employees, regardless of their precise job requirements or rates of pay, are entitled to be paid overtime for all hours worked over forty (40) in a workweek. Although the issue of damages may be individual, there is no detraction from the common nucleus of liability facts.

54. Plaintiff shares the same interests as the NCWHA Class and will be entitled under the NCHWA to unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and lost interest owed to them under nearly identical factual and legal standards as the NCWHA Class.

55. Plaintiff's state law class claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action under Fed. R. Civ. P. 23.

56. The NCWHA Class meets the numerosity requirement of Rule 23(a)(1) because Defendant has employed numerous hourly workers over the class period who were denied overtime. The precise number of NCWHA Class Members should be readily available from a review of Defendant's personnel, scheduling, time, payroll, and billing records and from input received from the NCWHA Class Members.

57. The NCWHA Class meets the commonality requirement of Rule 23(a)(2) because Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the NCWHA Class. Any individual questions that Plaintiff's claims present will be

far less central to this litigation than the numerous material questions of law and fact common to the NCWHA Class, including, but not limited to:

    a. Whether Defendant maintained common policies or practices that denied Plaintiff and NCWHA Class Members overtime;

    b. In the event the FLSA does not apply, whether Defendant violated the NCWHA by not paying Plaintiff and the NCWHA Class Members overtime wages;

    c. Whether Defendant's conduct was willful; and

    d. Whether Defendant should be required to pay compensatory damages, liquidated damages, attorneys fees and costs, and interest for violating North Carolina state law.

58. The NCWHA Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the NCWHA Class Members were all employed by Defendant and performed their job duties without receiving entitled compensation owed for that work.

59. The NCWHA Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the NCWHA Class Members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour and collective actions, and will adequately represent the interestof Plaintiff and the NCWHA Class Members.

60. The NCWHA Class meets the predominance requirement of Rule 23(b)(3) because issues common to the NCWHA Class predominate over any questions affecting only individual members, including, but not limited to, whether Defendant calculated the NCWHA Class Members' compensation under the same formula in the same way.

61. The NCWHA Class meets the superiority requirement of Rule 23(b)(3) because

allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

62. Given the material similarity of the NCWHA Class Members' claims, even if each NCWHA Class Member could afford to litigate a separate claim, this Court should not countenanceor require the filings of numerous identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication ofefforts, and an extreme waste of resources. Alternatively, proceeding by class action would permit the efficient supervision of the NCWHA Class's claims, create significant economies of scale for the Court and parties, and result in a binding, uniform adjudication on all issues.

## PRAYER

WHEREFORE, Plaintiff, Anthony Piesco, prays for relief as follows:

    a. An Order allowing this action to proceed as a collective action under the FLSA and directing notice to all similarly situated workers;

    b. For Judgement finding Defendant is liable for unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law;

    d. All such other and further relief to which Plaintiff and those similarly situated may show themselves to be justly entitled;

e. An Order certifying this action as a class action under the NCWHA and designating Plaintiff as class representative and undersigned as class counsel on behalf of the class;

f. For Judgement finding Defendant is liable for unpaid overtime wages due to Plaintiff and the NCWHA Class Members, and for liquidated damages equal in amount to the unpaid compensation under the NCWHA;

g. For an award of costs of this action as provided under the NCWHA;

h. For an award of attorneys' fees as provided under the NCWHA;

i. For an award of pre- and post-judgment interest; and

j. For any and all other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully Submitted:

By: /s/ Brian L. Kinsley
Brian L. Kinsley (N.C. Bar Roll No. 38683)
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: 336-333-9899
Facsimile: 336-333-9894
blkinsley@crumleyroberts.com

Philip Bohrer (to be admitted pro hac vice)
phil@bohrerbrady.com
Scott E. Brady (to be admitted pro hac vice)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000